IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WILLIAM ATKINS,

Plaintiff,

v.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA, et al.,

Defendants.

CIVIL ACTION FILE
NO. 1:25-CV-2912-TWT

## AMENDED OPINION AND ORDER

This is an ERISA action. It is before the Court on Defendant Arch Capital Services LLC's ("Arch") Motion to Dismiss [Doc. 29]. For the reasons set forth below, Defendant Arch's Motion to Dismiss [Doc. 29] is GRANTED.

### I.  Background

Plaintiff William Atkins is the spouse of Shannon Atkins as well as the administrator of her estate. (Am. Compl. ¶ 17.) Before her death, Shannon Atkins was employed by Defendant Arch Capital Services LLC and enrolled in its life insurance coverage (the "Plan"). (*Id.* ¶¶ 8, 15.) She was enrolled in "Basic Employee Term Life Coverage" ("Basic Life") and "Optional Employee Term Life Coverage ("Optional Life"). (*Id.* ¶¶ 26–31.) As the employer sponsoring the employee benefit plan, Arch is the "plan administrator." (Am. Compl. ¶ 6 (citing 29 U.S.C. § 1002(16).) Defendant The Prudential Insurance Company of America ("Prudential") serves as the "claims administrator" for the Plan, tasked with processing participants' individual claims for coverage.

(*Id.* ¶ 10.) The decedent was diagnosed with ovarian cancer in 2020 and was forced to stop work due to her illness in December 2022. (*Id.* ¶¶ 35, 37.) At that time, the decedent applied for both short-term and long-term disability leave, which was approved. (*Id.* ¶¶ 38–41.) Arch formally terminated her employment in August 2024. (*Id.* ¶ 65.)

According to the Complaint, the decedent qualified for yet did not properly receive coverage under a "death benefit" clause. The Plan's "death benefit" clause waives life insurance premiums for employees who become "totally disabled"[1] for "one year after [the] Total Disability started." (*Id.* ¶ 42) The death benefit may then be extended "for successive one year periods" if the insured provides written proof of continued total disability to Prudential.[2] (*Id.*) The Complaint alleges that Arch and Prudential breached their fiduciary duties by "lull[ing]" the decedent into believing she was receiving the full benefit of her coverage. (*Id.* ¶ 61.) It specifically points to benefit statements and invoices that Arch issued to the decedent between the time she stopped working (December 2022) and the formal termination of her employment (August 2024). (*Id.* ¶¶ 56, 61.) It further points to Arch's failure to affirmatively advise the decedent about the death benefit despite the company having actual

---

[1] The clause also requires Arch's employees to be less than sixty years of age when the total disability begins, which is the case for the decedent.

[2] The specific conditions are outlined in Section C of the Policy. (Am. Compl., Ex. 2, at 23–24 [Doc. 23-2].) The pagination of this exhibit reflects the PDF pagination.

knowledge that she was totally disabled, would not return to work, and otherwise qualified for the protection. (*Id.* ¶¶ 48, 51, 55, 67.) The decedent allegedly would have submitted written proof if she had known about the requirement. (*Id.* ¶ 71.)

Additionally, the Complaint asserts that Arch breached its fiduciary duties by failing to correct inaccurate information provided by Prudential regarding the decedent's deadline to convert her employer-sponsored plan into an individual policy. (*Id.* ¶¶ 75–93.) As a result of the inaccurate information, Atkins did not convert the decedent's insurance coverage and could not continue receiving the death benefit for which the decedent was eligible. (*Id.* ¶ 94.)

Now, Atkins seeks compensation for unpaid insurance coverage. Count I is a benefits claim against Prudential that seeks compensation under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). Arch is not named as a defendant in Count I. In the alternative, Count II seeks equitable relief against Prudential and Arch for breach of fiduciary duty under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3). In the alternative to Counts I and II, Count III seeks compensatory damages against Arch for the common law claim of negligent misrepresentation.

## II.    Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts and even if the possibility of recovery is extremely "remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *See Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp.*, 711 F.2d 989, 994–95 (11th Cir. 1983); *see also Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) (noting that, at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. *See Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir. 1985). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555).

## III.    Discussion

### A.  ERISA Equitable Relief (Count II)

The Court dismisses Count II for equitable relief under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3). The only injury that Atkins identifies in this count is the compensation for unpaid coverage, which is the same injury and for the same amount identified in his claim under ERISA § 502(a)(1)(B). ERISA § 502(a)(1)(B) already provides a remedy to plan beneficiaries for claims for lost coverage, and ERISA § 502(a)(3) only provides a remedy when no such claim under § 502(a)(1)(B) is possible. *See Williamson v. Travelport*, LP, 953 F.3d 1278, 1297–99 (11th Cir. 2020) (holding that it is inappropriate to disguise a fiduciary duty claim as a § 502(a)(3) when it essentially seeks identical relief as a benefits claim under § 502(a)(1)(B)).

### B.  Negligent Misrepresentation (Count III)

With few exceptions,[3] ERISA preempts "any and all State laws insofar as they may . . . relate to any employee benefit plan." 29 U.S.C. § 1144(a). This broad conflict preemption language establishes ERISA's "extraordinary

---

[3]  None of which are relevant here. *See* 29 U.S.C. § 1144(b).

5

pre-emptive power."[4] *Aetna v. Davila*, 542 U.S. 200, 209 (2004). "[A] state law relates to a benefit plan . . . if it has a connection with or reference to such a plan." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (citation modified). The state law need not be "specifically designed to affect employee benefit plans." *Id.* (citation omitted).

The Court holds that Atkins's negligent misrepresentation claim "relates to" the Plan and is therefore preempted by ERISA. Atkins could have brought (and in fact did bring) a claim under ERISA § 502(a) for the same conduct underlying the negligent misrepresentation claim. Both claims concern alleged misrepresentations regarding the extent and timing of the decedent's coverage. Courts routinely agree that ERISA preempts claims based on conduct of this sort—those brought by a plan participant or beneficiary in the pursuit of lost coverage as damages. *See, e.g.*, *Morris v. Gen. Motors Corp.*, 2004 WL 3177943, at *3–4 (N.D. Ga. Sept. 30, 2004) (holding that ERISA preempts a plan participant's state law claim for negligent misrepresentation);

---

[4] The Court notes that two types of preemption exist with respect to ERISA: (1) conflict preemption (also known as defensive preemption) pursuant to 29 U.S.C. § 1144(a), which can be raised as an affirmative defense to state law claims, and (2) complete preemption (also known as super preemption), which can be raised to divest a federal court of subject-matter jurisdiction. *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1211–12 (11th Cir. 1999). Only conflict preemption is relevant here, but the Court relies on some case law related to complete preemption because the test for each is related— as any completely preempted claim is also conflict preempted. *Id.* at 1215.

*see also Phillips v. Amoco Oil Co.*, 799 F.2d 1464, 1469–70 (11th Cir. 1986) (holding that ERISA preempts a plan participant's state law claim for fraudulent omission). It does not matter that Atkins's tort claim may seek remedies different than those afforded under ERISA. *Davila*, 542 U.S. at 215 ("The limited remedies available under ERISA are an inherent part of the "careful balancing" between ensuring fair and prompt enforcement of rights under a plan and the encouragement of the creation of such plans."). Moreover, it is clear that Atkins's negligent misrepresentation claim "implicate[s] legal duties dependent on the interpretation of an ERISA plan." *Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1288 (11th Cir. 2011). Determining whether Arch's benefit statements and communications misrepresented facts regarding coverage would require assessing the requirements of the Plan.

Lastly, Atkins's reliance on *Cotton v. Massachusetts Mutual Life Insurance Co.*, 402 F.3d 1267 (11th Cir. 2005), is misplaced. In *Cotton*, the plaintiffs' negligent misrepresentation claim survived because it was pleaded against an insurer for its conduct in selling insurance coverage (prior to the execution of a policy) rather than in administering an ERISA plan. *Id.* at 1283. Here, by contrast, Atkins alleges that Arch negligently misrepresented facts regarding an established plan as its administrator and fiduciary. (*See* Am. Compl. ¶¶ 138–39.) The Court therefore dismisses Count III.

7

## IV.    Conclusion

For the reasons set forth above, Defendant Arch Capital Services LLC's Motion to Dismiss [Doc. 29] is GRANTED. The Clerk is directed to terminate Arch Capital Services LLC from this action.

SO ORDERED, this ____3rd____ day of February, 2026.

THOMAS W. THRASH, JR.
United States District Judge

8